UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODEO RONALD VAN BLADEL, | No. C 15-4407 MEJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SONOMA COUNTY DISTRICT ATTORNEY, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for alleged constitutional violations that resulted in his criminal conviction in Sonoma County Superior Court. Plaintiff has filed a motion to proceed in forma pauperis, which is granted in a separate order.

## DISCUSSION

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.  Plaintiff's Claims

Plaintiff alleges that defendant Office of the Sonoma County District Attorney violated his constitutional rights by engaging in various forms of prosecutorial misconduct relating to his state court criminal proceedings, including failing to disclose exculpatory evidence and failing to disclose promises made to prosecution witnesses in return for their testimony. Plaintiff alleges that defendant Sonoma County Sheriff's Department engaged in various forms of improper investigation including failure to preserve evidence. Plaintiff alleges that defendant Sonoma County Superior Court Judge Gayle Guynup engaged in judicial misconduct by failing to recuse herself from plaintiff's case. Finally, plaintiff alleges that his court-appointed defense counsel rendered ineffective assistance throughout his criminal proceedings.

Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has held that to recover damages in a suit under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id.

If plaintiff's claims that defendants violated his constitutional rights during state criminal proceedings are proven true, this would imply the invalidity of his conviction. Because plaintiff is presently an inmate at SQSP, it is clear the conviction has yet to be invalidated. Until then, the claims are barred by Heck.

A petition for a writ of habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Before he may file a federal petition, however, plaintiff must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. This dismissal is without prejudice to plaintiff filing a new action if his criminal conviction is set aside. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: January 5, 2016

Maria-Elena James
United States Magistrate Judge

3